IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNUR HASHIM BEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF PHILADELPHIA, et al. | : | NO. 14-3411 |

MEMORANDUM

YOHN, J.                                                                                          JUNE 17, 2014

    Plaintiff Annur Hashim Bey brought this action, pursuant to 42 U.S.C. § 1983, based on his allegation that his First Amendment right to the free exercise of his religion was violated when he was required to serve jury duty. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

    Plaintiff alleges that, on May 2, 2014, he received a jury summons from the office of the Philadelphia jury commissioner, which directed him to report to the Criminal Justice Center for jury duty on June 10, 2014. Plaintiff responded to the summons by seeking an exemption "under the first amendment" because of his "religious belief and [his] political views." (Compl. Ex. B.) The Jury Selection Commission denied plaintiff's request for exemption. The day before he was required to report for jury duty, plaintiff filed this lawsuit alleging that the Jury Commission and other defendants violated his First Amendment right to the free exercise of his religion. He seeks $2 million for "the threat of false impressment[,]" "the threat of illegally imposing financial [hardship]," and emotional distress. He also seeks permanent removal from the jury selection process.

    Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii)

require the Court to dismiss the complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider exhibits attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff's claim is legally frivolous. Neutral and generally applicable laws that incidentally burden religion do not violate the First Amendment's Free Exercise Clause so long as the law is rationally related to a legitimate government objective. *See Employment Div., Dep't of Human Res. of Or. v. Smith*, 494 U.S. 872, 879 (1990); *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 165 (3d Cir. 2002). Pennsylvania's laws concerning jury service, *see* 42 Pa. Cons. Stat. §§ 4502 & 4503, which are neutral and generally applicable, are clearly related to the legitimate government objective of maintaining the jury system in Pennsylvania in accordance with the Constitution. Furthermore, the Court cannot discern a non-frivolous basis for a claim that the law was applied to plaintiff in an unconstitutional manner when he was denied a request for an exemption from jury service, because his request was conclusory and failed to set forth any legitimate factual basis for a hardship based on his religion. In any event,

plaintiff cannot state a claim based solely on his conclusory allegation that being required to serve jury duty violates his First Amendment rights.[1]

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[1] Plaintiff does not identify his religion, the tenet of his religion that would prohibit jury duty, or his own religious belief that would prohibit jury duty.